UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM KARIMU,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY THOMPSON, ANTHONY LUCKEY, TRAVIS JUDY, ALEXIS CONDIE, ERIC BELILES, LARRY McDONALD, UNKNOWN EMPLOYEES, and UNKNOWN EMPLOYEES,<br><br>    Defendants. | CAUSE NO. 3:22-CV-903-DRL-MGG |

OPINION AND ORDER

William Karimu, a prisoner without a lawyer, filed a three-count complaint against eight defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In count one, Mr. Karimu raises a federal claim under 42 U.S.C. § 1983. ECF 1 at 6. He alleges he was attacked by a fellow inmate on October 27, 2020, at the Miami Correctional Facility. *Id.* ¶¶ 11 and 20. Under the Eighth Amendment, correctional

officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). The plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

The complaint alleges Correctional Officer Judy found Mr. Karimu standing over Offender Hawkins "laying on the ground with his face swollen and bleeding" at 3:20 a.m. ECF 8 ¶ 12. Mr. Karimu told Officer Judy that Offender Hawkins had threatened him with a weapon and Offender Hawkins confirmed this was true. *Id*. ¶ 12-13. The complaint says they were not still fighting at that time. *Id*. ¶ 14. Officer Judy ordered them to separate, and they did. *Id*. A few minutes later, Sergeant Luckey and Officer Condie[1] arrived at the scene. *Id*. ¶ 15. Mr. Karimu told the officers Offender Hawkins was aggressive and on drugs, but by that time, the officers saw he was calm. *Id*. ¶ 17-18. Mr. Karimu told the officers he did not want to turn around and cuff-up as ordered because

---

[1] The complaint lists Correctional Officer Alexis Condie as a defendant. ECF 1 at 3. In some places in the body of the complaint, Defendant Alexis and Defendant Condie are discussed as if they are two different people, but Defendant Alexis is never mentioned other than in conjunction with Defendant Condie and is aways described doing, hearing, or saying the same things. *Id*. ¶ 15-19, 21-22. Defendant Condie is mentioned without reference to Defendant Alexis many times. *Id*. ¶ 1, 3, 7-10, 29, 34, 32, 34. This opinion treats Defendant Alexis and Defendant Condie as one person, but even if they are two different people, the analysis would be the same.

Offender Hawkins had a weapon. *Id.* ¶ 19. "As soon as Plaintiff Karimu was cuffed up, Offender Hawkins grabbed and pulled down Plaintiff Karimu by the handcuffs, pulled out [the weapon] and started stabbing Plaintiff Karimu in the face, head, and neck." *Id.* ¶ 20. Officers immediately yelled at him to stop, called for additional officers, sprayed Offender Hawkins in the eyes with OC, shot him with a TASER, and ordered him to back up and sit down. *Id.* ¶ 21-23. They quickly stopped the attack and secured Offender Hawkins. *Id.* ¶ 23-24.

"To establish deliberate indifference on the part of the defendants sued individually, [Mr. Karimu needs] to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [his] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). This complaint does not plausibly allege these officers were deliberately indifferent to their constitutional obligation to protect Mr. Karimu from attack by a fellow inmate. At most, it alleges they misjudged a volatile situation.

When Officer Judy arrived, it appeared Mr. Karimu was the dominant party because he is not alleged to have had any injuries and was standing over a swollen and bleeding Offender Hawkins who was laying on the ground. It was not deliberately indifferent for the officers who arrived before the attack to have chosen to secure Mr. Karimu before Offender Hawkins. Though Offender Hawkins agreed he threatened Mr. Karimu with a weapon, no weapon is alleged to have been visible to the officers until it was pulled out after Mr. Karimu was cuffed up. Though Mr. Karimu told the officers

3

Offender Hawkins was violent and on drugs, Offender Hawkins is alleged to have been calm while they were present – until Mr. Karimu was cuffed up. The three other named defendants (Lt. Jerry Thompson, Officer Eric Beliles, and Officer Larry McDonald) did not arrive on the scene until after the attack was over. ECF 1 ¶ 24, 26. The complaint lists "John Doe" defendants, but it does not explain what any of them did or how they could be liable to Mr. Karimu. Count one does not state a claim.

In count two, Mr. Karimu raises a state tort claim based on the same facts. ECF 1 at 10. All the defendants are state employees. *Id.* ¶ 2. All of them were acting within the scope of their employment while working with Mr. Karimu. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). "Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment." *Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016). "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F. Supp.3d 1018, 1033 (N.D. Ind. 2014) (quotations and citations omitted). Count two does not state a claim.

In Count three, Mr. Karimu seeks punitive damages based on the facts alleged in count one. ECF 1 at 12. Because count one does not state a claim, he cannot recover compensatory damages and thus punitive damages. Count three does not state a claim.

This complaint does not state a claim for which relief can be granted. If Mr. Karimu believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

For these reasons, the court:

(1) GRANTS William Karimu until **April 6, 2023**, to file an amended complaint; and

(2) CAUTIONS William Karimu if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 20, 2023                                             *s/ Damon R. Leichty*
                                                                    Judge, United States District Court