UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM KARIMU,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-903-DRL-MGG

ANTHONY LUCKEY, TRAVIS JUDY,
and ALEXIS CONDIE,

    Defendants.

## OPINION AND ORDER

William Karimu, a prisoner without a lawyer, filed a motion asking to file an amended complaint. ECF 6. Days later, he filed a motion asking to file a second amended complaint. ECF 8. The second motion renders the first one moot. The second motion will be granted.

The second amended complaint presents three counts. ECF 8-1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In count one, Mr. Karimu raises a federal claim under 42 U.S.C. § 1983 alleging he was attacked by a fellow inmate on October 27, 2020, at the Miami Correctional Facility.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a claim, the complaint must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

The second amended complaint alleges Correctional Officers Travis Judy, Anthony Luckey, and Alexis Condie[1] knew Offender Hawkins had a self-made knife and said he was going to use it to attack Mr. Karimu. ECF 8-1 ¶¶ 22 and 25. It alleges they nevertheless ordered Mr. Karimu to turn his back to Offender Hawkins while they handcuffed him. *Id.* ¶ 30. Once cuffed, it alleges Offender Hawkins attacked him with the knife. *Id.* ¶ 31. The second amended complaint states a claim against these three officers for failing to protect him from attack.

The second amended complaint alleges others (Lt. Jerry Thompson, Correctional Officer Eric Beliles, Correctional Officer Larry McDonald, Unknown Miami Correctional Facility, and Unknown Indiana Department of Correction Employees) arrived later after the attack was over and Offender Hawkins had been subdued. ECF 8-1 ¶¶ 36, 38, and 41.

---

[1] The complaint lists Correctional Officer Alexis Condie as a defendant and says he will thereafter be referred to as Defendant Condie. ECF 8-1 ¶ 3 and fn. 9. In one paragraph Defendant Alexis is listed as a separate person from Defendant Condie. *Id.* ¶ 20. There is no other mention of Defendant Alexis in the second amended complaint. Because it appears this is a scrivener's error and because the complaint did not list Correctional Officer Alexis as a separate defendant, this opinion treats Defendant Alexis and Defendant Condie as one person.

None was present before the attack and could have prevented it. The second amended complaint does not state a claim against them.

In count two, Mr. Karimu raises a state tort claim based on the same facts as count one. ECF 8-1 ¶ 50. All the defendants are state employees. *Id*. ¶ 3. The second amended complaint asserts they were acting "outside the scope of their duties" *Id*. ¶ 47, but the facts alleged show these events occurred while they were performing their duties as correctional officers working with inmates. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). "Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment." *Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016). "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F.Supp.3d 1018, 1033 (N.D. Ind. 2014) (quotations and citations omitted). The second amended complaint alleges the correctional officers were acting with improper motive, but it does not allege any facts plausibly showing they were acting outside the general scope of their authority to work with inmates. Count two does not state a claim.

In count three, the second amended complaint seeks punitive damages. ECF 8-1 ¶ 52. Punitive damages are a type of remedy. They are not a separate cause of action. Mr. Karimu will be granted leave to proceed on count one against three defendants for

compensatory and punitive damages as discussed, but count three does not separately state a claim.

For these reasons, the court:

(1) GRANTS the second motion to file an amended complaint (ECF 8);

(2) DIRECTS the clerk to separately docket the Second Amended Complaint (ECF 8-1);

(3) DENIES AS MOOT the first motion to file an amended complaint;

(4) GRANTS William Karimu leave to proceed against Correctional Officers Travis Judy, Anthony Luckey, and Alexis Condie in their individual capacities for compensatory and punitive damages for failing to protect him from attack by a fellow inmate on October 27, 2020, at the Miami Correctional Facility in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Jerry Thompson, Eric Beliles, Larry McDonald, Unknown Employees, and Unknown Employees;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officers Travis Judy, Anthony Luckey, and Alexis Condie at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 8-1);

(8) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officers Travis Judy, Anthony Luckey, and Alexis Condie to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 18, 2023                                                         *s/ Damon R. Leichty*
                                                                              Judge, United States District Court