UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM KARIMU,

    Plaintiff,

    v.     CAUSE NO. 3:22-CV-903-DRL-MGG

ANTHONY LUCKEY, TRAVIS JUDY,
and ALEXIS CONDIE,

    Defendants.

OPINION AND ORDER

William Karimu, a prisoner without a lawyer, is proceeding in this case "against Correctional Officers Travis Judy, Anthony Luckey, and Alexis Condie in their individual capacities for compensatory and punitive damages for failing to protect him from attack by a fellow inmate on October 27, 2020, at the Miami Correctional Facility in violation of the Eighth Amendment[.]" ECF 9 at 4. On August 8, 2023, the defendants filed a motion for summary judgment, arguing Mr. Karimu didn't exhaust his administrative remedies before filing suit. ECF 17. With the motion, the defendants provided Mr. Karimu the notice required by N.D. Ind. L.R. 56-1(f). ECF 21. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. The court extended Mr. Karimu's deadline until

September 23, 2023, but he still hasn't responded to the summary judgment motion, so the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must

2

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

In support of their summary judgment motion, the defendants provide Mr. Karimu's grievance records and an affidavit from the prison's Grievance Specialist.[1] On October 29, 2020, Mr. Karimu submitted a grievance complaining the defendants failed to protect him from an assault and requesting monetary compensation as relief. ECF 17-1 at 6, 26. On November 18, 2020, the grievance office returned this grievance to Mr. Karimu because it improperly requested monetary compensation. *Id.* at 6, 25; *see id.* at 12 (listing "Tort Claims seeking monetary compensation" as a non-grievable issue). The "Return of Grievance" form informed Mr. Karimu he could revise and resubmit the grievance within five business days, but he did not do so. *Id.* at 25. Instead, Mr. Karimu waited more than three weeks to submit a revised grievance which omitted the request for monetary compensation. *Id.* at 7, 28. The grievance office rejected this revised grievance as untimely. *Id.* at 7, 27.

Here, the undisputed facts show Mr. Karimu didn't fully exhaust any grievance before filing this lawsuit. Specifically, it is undisputed the grievance office rejected Mr. Karimu's October 29 grievance for improperly requesting monetary compensation, and Mr. Karimu didn't timely revise and resubmit this grievance. Mr. Karimu doesn't argue or provide any evidence he was prevented from timely revising and resubmitting his

---

[1] Because Mr. Karimu didn't respond to the defendants' summary judgment motion, the court accepts this evidence as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

grievance, or that his administrative remedies were in any way unavailable. Therefore, the defendants have met their burden to show Mr. Karimu didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 17); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against William Karimu and to close this case.

SO ORDERED.

February 26, 2024                    *s/ Damon R. Leichty*
                                     Judge, United States District Court